**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| THERESA GARNER, | No. 14-15422 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01330-SRB |
| v. | |
| PENNY PRITZKER, Secretary, United States Department of Commerce, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Theresa Garner appeals pro se from the district court's summary judgment in

her employment action alleging retaliation and hostile work environment claims

under Title VII.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010), and we affirm.

The district court properly granted summary judgment on Garner's retaliation claim because Garner failed to raise a genuine dispute of material fact as to whether defendant took any adverse employment action against Garner for engaging in conduct protected by Title VII. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004) (to establish a prima facie case for retaliation under Title VII, a plaintiff must show that: (1) she engaged in conduct protected by Title VII; 2) that an adverse employment action was taken against her; and 3) that a causal link existed between the two events).

The district court properly granted summary judgment on Garner's hostile work environment claim because Garner failed to raise a genuine dispute of material fact as to whether she was subjected to sufficiently severe or pervasive conduct. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (setting forth elements of a prima facie case for hostile work environment under Title VII and explaining that courts look at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance" in determining

whether conduct violates Title VII); *see also McGinest*, 360 F.3d at 1113 ("Simply causing an employee offense based on an isolated comment is not sufficient to create actionable harassment under Title VII.").

The district court properly concluded that defendant did not waive any arguments raised in the motion for summary judgment because Garner had "fair notice" of these defenses in the Answer. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." (citation and internal quotation marks omitted)). Garner's arguments regarding defendant's waiver of issues on appeal under Fed. R. Civ. P. 12(h) are unsupported.

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Garner's requests, set forth in her notices filed on August 15, 2014 and September 24, 2014, are denied.

**AFFIRMED.**